**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>FIRST AMERICAN HOME WARRANTY CORPORATION,<br><br>       Defendant. | Case No. 2:24-cv-05488 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................. 1

Relevant Allegations ................................................................................................... 2

Applicable Legal Standards ........................................................................................ 3

    A.    Rule 12(b)(1) – Lack of Standing ......................................................... 3

    B.    Rule 12(b)(6) – Failure to State a Claim ............................................. 4

ARGUMENT ............................................................................................................... 4

I.    The Complaint Fails To State A Claim For Violations Of The TCPA Under Rule 12(B)(6) .................................................................................................................. 4

    A.    The Complaint Fails to Allege that First American is Directly Liable ................ 5

    B.    The Complaint Fails to Allege that First American is Vicariously Liable ........... 8

        1.    The Complaint Fails to Allege First American's "Actual Authority" Over Any Third-Party Caller .................................................... 9

        2.    The Complaint Fails to Allege First American's "Apparent Authority" Over Any Third-Party Caller ................................................. 10

        3.    The Complaint Fails to Allege that First American "Ratified" Any Conduct by Any Third-Party Caller ........................................................ 12

    C.    The Complaint Fails to Allege that Plaintiff Received More Than One "Telephone Solicitation" in a 12-Month Period ................................................ 13

    D.    The Complaint Fails to Allege a Willful or Knowing Violation of the TCPA ............................................................................................................. 15

II.    Plaintiff Lacks Standing To Pursue Injunctive Relief Against First American For Want Of Imminent Future Injury ............................................................................ 17

Conclusion ................................................................................................................. 18

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
  2018 WL 288055 (N.D. Cal. Jan. 4, 2018) .................................................................7

*Anderson v. Farmers Ins. Exch.*,
  2024 WL 4656218 (N.D. Okla. Nov. 1, 2024) ............................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .....................................................................................................4

*Bank v. Vivint Solar, Inc.*,
  2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019) .........................................................8, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .....................................................................................................4

*Blair v. Assurance IQ LLC*,
  2023 WL 6622415 (W.D. Wash. Oct. 11, 2023) .......................................................17

*Brown v. Nano Hearing Tech Opco, LLC*,
  2024 WL 3367536 (S.D. Cal. July 9, 2024) ................................................10, 17, 18

*Cacho v. McCarthy & Kelly LLP*,
  --- F. Supp. 3d ----, 2024 WL 3293628 (S.D.N.Y. July 3, 2024) .......................12, 13

*Canary v. Youngevity Int'l, Inc.*,
  2019 WL 1275343 (N.D. Cal. Mar. 20, 2019) ......................................................11, 12

*Covington v. Int'l Ass'n of Approved Basketball Officials*,
  710 F.3d 114 (3d Cir. 2013) .........................................................................................9

*Cunningham v. Health Plan Intermediaries Holdings, LLC*,
  2018 WL 835222 (N.D. Ill. Feb. 13, 2018) ...............................................................11

*Dahdah v. Rocket Mortgage LLC*,
  2023 WL 5941730 (E.D. Mich. Sept. 12, 2023) .......................................................15

*Dobkin v. Enter. Fin. Grp., Inc.*,
  2014 WL 4354070 (D.N.J. Sept. 3, 2014) ...................................................................5

*Doyle v. GoHealth, LLC*,
  2023 WL 3984951 (D.N.J. Mar. 30, 2023) ..................................................................5

*Doyle v. Matrix Warranty Sols., Inc.*,
  679 F. Supp. 3d 42 (D.N.J. 2023) ..............................................................................10

*Fania v. Verified Docu Serv., Inc.*,
  2024 WL 1012963 (M.D. Fla. Mar. 8, 2024) .............................................................16

*Gillam v. Reliance First Cap., LLC*,
  2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) ......................................................14, 15

**TABLE OF AUTHORITIES**
**(Continued)**

Page

*Gulden v. Consol. World Travel Inc.*,
   2017 WL 3841491 (D. Ariz. Feb. 15, 2017)........................................................15

*Jones v. Nutiva, Inc.*,
   2017 WL 3617104 (N.D. Cal. Aug. 23, 2017) ......................................................3

*Kern v. VIP Travel Servs.*,
   2017 WL 1905868 (W.D. Mich. May 10, 2017) ....................................................9

*Klein v. Just Energy Grp., Inc.*,
   2016 WL 3539137 (W.D. Pa. June 29, 2016).............................................5, 8, 12

*Kline v. Elite Med. Labs., Inc.*,
   2019 WL 6828590 (M.D. Pa. Dec. 13, 2019)................................................ passim

*Kristensen v. Credit Payment Servs. Inc.*,
   879 F.3d 1010 (9th Cir. 2018) ....................................................................12, 13

*Landy v. Nat. Power Sources, LLC*,
   2021 WL 3634162 (D.N.J. Aug. 17, 2021) .................................................. passim

*Lary v. Trinity Physician Fin. & Ins. Servs.*,
   780 F.3d 1101 (11th Cir. 2015) ..........................................................................16

*Linlor v. Five9, Inc.*,
   2017 WL 2972447 (S.D. Cal. July 12, 2017)....................................................11, 12

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..............................................................................................3

*Martin v. Bottom Line Concepts, LLC*,
   723 F. Supp. 3d 270 (S.D.N.Y. 2024)............................................................6, 17

*Meeks v. Buffalo Wild Wings, Inc.*,
   2018 WL 1524067 (N.D. Cal. Mar. 28, 2018).....................................................6, 8

*Miller v. Time Warner Cable Inc.*,
   2016 WL 7471302 (C.D. Cal. Dec. 27, 2016) ....................................................3, 4

*Naiman v. TranzVia LLC*,
   2017 WL 5992123 (N.D. Cal. Dec. 4, 2017)........................................................10

*Pascal v. Agentra, LLC*,
   2019 WL 5212961 (N.D. Cal. Oct. 16, 2019).......................................................12

*Perrong v. Charlie for Governor*,
   2024 WL 919837 (E.D. Pa. Mar. 4, 2024)............................................................13

*Santiago v. Warminster Township*,
   629 F.3d 121 (3d. Cir. 2010)...............................................................................4

*Sapan v. Shore Cap. Corp.*,
   2024 WL 4002622 (C.D. Cal. Aug. 23, 2024).....................................................11

## TABLE OF AUTHORITIES
### (Continued)

Page

*Schaevitz v. Braman Hyundai, Inc.*,
    437 F. Supp. 3d 1237 (S.D. Fla. 2019) .................................................................4

*Scruggs v. CHW Grp., Inc.*,
    2020 WL 9348208 (E.D. Va. Nov. 12, 2020)........................................................7

*Sheski v. Shopify (USA) Inc.*,
    2020 WL 2474421 (N.D. Cal. May 13, 2020) ......................................................5

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016).............................................................................................3

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998)...............................................................................................4

*Sterling v. Securus Techs., Inc.*,
    2020 WL 2198095 (D. Conn. May 6, 2020)........................................................16

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149 (2014)...........................................................................................17

*Warnick v. Dish Network LLC*,
    301 F.R.D. 551 (D. Colo. 2014) ........................................................................14

*Weingrad v. Top Healthcare Options Ins. Agency Co.*,
    2024 WL 4228149 (E.D. Pa. Sept. 17, 2024) .............................................. passim

*Wick v. Twilio Inc.*,
    2017 WL 2964855 (W.D. Wash. July 12, 2017) ..................................................6

*Woodard v. Health Ins. All.*,
    2024 WL 942629 (N.D. Ill. Mar. 5, 2024)............................................................7

*Zarichny v. Complete Payment Recovery Servs., Inc.*,
    80 F. Supp. 3d 610 (E.D. Pa. 2015) ................................................................8, 9

## STATUTES

47 U.S.C. § 227(b)(3)(C) ..........................................................................................16

47 U.S.C. § 227(c) ....................................................................................................13

47 U.S.C. § 227(c)(5)..................................................................................................4

## OTHER AUTHORITIES

*In re Dish Network, LLC*,
    28 F.C.C. Rcd. 6574 (2013) ................................................................................5

47 C.F.R. § 64.1200(c)................................................................................................4

47 C.F.R. § 64.1200(c)(2).........................................................................................14

47 C.F.R. § 64.1200(f)(15) .......................................................................................14

U.S. Constitution, Article III...............................................................................2, 3, 4

**TABLE OF AUTHORITIES**
**(Continued)**

Page

**RULES**

Fed. R. Civ. P. 12(b)(1)................................................................................................2, 3

Fed. R. Civ. P. 12(b)(6)............................................................................................ passim

## **Introduction**

Plaintiff Leon Weingrad's Complaint (Dkt. 1) fails to provide sufficient factual content to substantiate its conclusory allegations that Defendant First American Home Warranty Corporation ("Defendant" or "First American") violated the Telephone Consumer Protection Act ("TCPA"). Thus, the Complaint should be dismissed with prejudice for at least the following reasons:

**First**, the Complaint should be dismissed under Rule 12(b)(6), as Plaintiff fails to state a plausible claim under the TCPA or to plead sufficient facts supporting such a claim. Liability under the TCPA comes in two forms: (1) direct liability (liability for the person or entity that actually took steps to physically place/initiate the call), or (2) vicarious liability (liability for the person or entity that controlled the "manner and means" by which a common law agent conducted a calling campaign on the principal's behalf). Here, the Complaint does not adequately allege either theory because it lacks non-conclusory facts supporting a plausible inference that First American either: (i) itself, and not a third party, "physically" took any steps to place any calls to Plaintiff, as required to plead direct TCPA liability; or (ii) that First American was in a common law agency relationship or exercised "control" over any third party who did physically call him.

**Second**, while the Complaint's failure to sufficiently allege direct or vicarious liability against First American is sufficient to warrant the dismissal of the Complaint in its entirety, Plaintiff also fails to allege facts supporting the other essential elements of his Do-Not-Call claim. Specifically, Plaintiff fails to allege sufficient non-conclusory facts supporting a plausible inference that he received more than one "telephone solicitation" by or on behalf of any caller within a 12-month period.

**Third**, Plaintiff's conclusory allegation that any TCPA violation here was "willful" or "knowing," such that he would be entitled to treble damages, does not meet federal pleading

standards. Therefore, Plaintiff's claim for treble damages should also be dismissed under Rule 12(b)(6).

**Fourth**, the Court should also dismiss Plaintiff's prayer for injunctive relief pursuant to Rule 12(b)(1) due to Plaintiff's lack of standing to pursue such relief under Article III of the U.S. Constitution. All plaintiffs must plead non-conclusory facts demonstrating they are at immediate risk of a possible future injury by the defendant to have Article III standing to seek injunctive relief in any federal case. Plaintiff pleads no such facts here.

<u>**Relevant Allegations**</u>

Plaintiff alleges that he received a total of four calls from two different numbers between August 28, 2024, and September 3, 2024. Dkt. 1, ¶ 23.

The first call Plaintiff received registered on Plaintiff's caller ID as coming from the number (267) 335-3738. *Id.*, ¶ 26. Plaintiff contends that the caller attempted to sell him "a home warranty through First American Home Warranty," and that "the caller then attempted to transfer the call to another First American Home Warranty representative to continue the sales pitch, but the line disconnected." *Id*. The Complaint does not allege that the caller represented they were an employee of First American or calling on its behalf, nor indicate that the number placing the call was associated with First American. *See id.*

The Complaint alleges that Plaintiff then "received at least three calls from the caller ID 877-349-3654[.]" Dkt. 1, ¶ 27. During these calls, the persons he spoke with stated they were "from First American Home Warranty" and "sought to solicit the Plaintiff to purchase a home warranty." *Id.*, ¶ 28. The Complaint does not allege that the individuals with whom Plaintiff spoke were representatives or employees of First American, or that these individuals attempted to sell First American's products or services. Plaintiff contends that the -3654 number is "a direct number that

when called back leads to First American Home Warranty." *Id.*, ¶ 27. The Complaint does not allege any facts that Plaintiff called the number himself to confirm it belonged to First American, what message, if any, is played that identifies First American as the owner of the number, or that he spoke with a First American employee who confirmed First American owned the number. *See id.*

Plaintiff seeks injunctive relief on behalf of himself and a putative class. Dkt. 1, ¶ 53. The Complaint concedes, however, that Plaintiff has not been contacted by the numbers or callers identified in the Complaint since on or about September 3, 2024. *Id.*, ¶ 23.

## **Applicable Legal Standards**

### A.    **Rule 12(b)(1) – Lack of Standing.**

Fed. R. Civ. P. 12(b)(1) provides that a complaint is properly dismissed where there is a lack of subject matter jurisdiction. Article III of the U.S. Constitution confers on the federal judiciary the power to adjudicate certain cases and controversies. To establish Article III standing, (i) a plaintiff must have suffered a concrete and particularized "injury in fact"; (ii) there must be a causal connection between the injury and the conduct complained of (*i.e.*, "causation" or "traceability"); and (iii) the injury must be capable of being redressed by a favorable decision (*i.e.*, "redressability"). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (party invoking federal subject matter jurisdiction has the burden of establishing standing). Further, where a plaintiff lacks Article III standing to seek a particular form of relief, like injunctive relief, the Court lacks federal subject matter jurisdiction to award it and may dismiss that claim. *See*, *e.g.*, *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016).

Plaintiffs must plead plausible facts suggesting a possible future injury to themselves to establish Article III standing to seek injunctive relief. *See*, *e.g.*, *Jones v. Nutiva, Inc.*, 2017 WL

3617104, at *4 (N.D. Cal. Aug. 23, 2017); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108–09 (1998) (a "generalized interest in deterrence" is insufficient to demonstrate Article III standing for injunctive relief). Failure to allege such facts warrants dismissal of the request. *See Weingrad v. Top Healthcare Options Ins. Agency Co.*, 2024 WL 4228149, at *6 (E.D. Pa. Sept. 17, 2024) (dismissing prayer for injunctive relief in TCPA litigation on standing grounds where Plaintiff had "not pleaded threat of future harm."); *Miller*, 2016 WL 7471302, at *2–4 (same); *Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251–52 (S.D. Fla. 2019) (same).

### B.    Rule 12(b)(6) – Failure to State a Claim.

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Only well-pleaded facts are given a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Bare assertions and conclusory allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 556–57 (2007) (internal quotations omitted); *see also Santiago v. Warminster Township,* 629 F.3d 121, 128 (3d. Cir. 2010) (on motion to dismiss, courts "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements") (internal quotations omitted). A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Iqbal*, 556 U.S. at 678.

### ARGUMENT

### I.    The Complaint Fails To State A Claim For Violations Of The TCPA Under Rule 12(B)(6).

Plaintiff alleges a single claim for a violation of the TCPA's Do-Not-Call provisions and the statute's implementing regulations, 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c). Dkt. 1, ¶¶ 49–53. This claim, and the entirety of the Complaint, must be dismissed for the following reasons:

### A.      The Complaint Fails to Allege that First American is Directly Liable.

Plaintiff may only establish TCPA liability on a direct liability theory "by showing that the defendant was the person or entity that 'initiated' the telemarketing call." *Doyle v. GoHealth, LLC*, 2023 WL 3984951, at *4 (D.N.J. Mar. 30, 2023). The TCPA's implementing regulations provide that "initiate" means to "physically place" a phone call. *Id.* (citing *In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)); *Klein v. Just Energy Grp., Inc.*, 2016 WL 3539137, at *8 (W.D. Pa. June 29, 2016) ("[T]he verb 'make' imposes civil liability only on the party that places the call or text.") (citation omitted)); *Dobkin v. Enter. Fin. Grp., Inc.*, 2014 WL 4354070, at *3 (D.N.J. Sept. 3, 2014) (in "[i]nterpreting the meaning of the word 'initiate' in its TCPA regulations, the FCC has clarified that a 'person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call.'") (quoting *In re Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6582-83 (2013)). Thus, courts routinely dismiss direct TCPA liability claims at the pleadings stage where, as here, the pleadings fail to include sufficient factual allegations indicating that the defendant actually "ma[d]e" the calls at issue by "tak[ing] the steps necessary to physically place" a call. *Sheski v. Shopify (USA) Inc.*, 2020 WL 2474421, at *2–4 (N.D. Cal. May 13, 2020) (quoting *In re Dish Network, LLC*, 28 FCC Rcd. at 6583 ¶ 26); *Doyle*, 2023 WL 3984951, at *4 (same).

Here, the allegations that First American physically called Plaintiff are entirely conclusory. The Complaint contains the bare assertion that Plaintiff received "at least 4 automated calls from Defendant's numbers" ending in -3738 and -3654. Dkt. 1, ¶ 23. Plaintiff contends that the first call he received originated from the -3738 number which "appear[ed] to be a 'spoofed' caller ID[.]" *Id.*, ¶ 26. He does not allege that this call was placed by First American, only that an unnamed "caller" attempted to sell Plaintiff a First American home warranty. *Id.* He does not allege that the Caller ID

showed that the call was coming from First American, that the caller he spoke with identified themselves as an employee of First American, or describe any facts *at all* regarding how he knows that First American physically placed this call. *See id.* The mere fact that this unidentified caller purportedly solicited Plaintiff to buy a First American home warranty product does not suffice to show that First American initiated the call. *See*, *e.g.*, *Wick v. Twilio Inc.,* 2017 WL 2964855, at *3 (W.D. Wash. July 12, 2017) ("The FCC recognizes that merely offering a good or service for sale does not mean that a retailer initiates the marketing calls for that product" for direct TCPA liability purposes); *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *1–5 (N.D. Cal. Mar. 28, 2018) (dismissing and finding no direct liability, even though at-issue text messages allegedly identified the defendant and included link to defendant's website).

The other three calls Plaintiff allegedly received are described with similar pleading infirmities. Plaintiff alleges that he received "at least three calls" from a number ending in -3654, which is "a direct number that when called back leads to First American Home Warranty." *Id.*, ¶ 27. This is entirely vague and conclusory. While Courts will credit a plaintiff's investigation to determine the source of a call, they will only do so when plaintiff provides some factual content that the number belongs to that defendant. *See*, *e.g.*, *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 282 (S.D.N.Y. 2024) (plaintiff plausibly alleged that defendant placed the call where plaintiff alleged he *personally* placed a call back to the number making the solicitation call and was greeted with a message stating that the hotline was being offered by defendant) (collecting cases finding similarly). Plaintiff does not allege that he personally called this number back to determine the identity of the caller. *See* Dkt. 1. He does not allege, for instance, that he called the number back and was met with a greeting thanking him for calling First American or that he called the number back and spoke with someone who purported to be an employee of First American. *See id.*  He simply

alleges that the number somehow "leads to" First American. *Id.*, ¶ 27.

Of the facts Plaintiff *does* provide, he simply states that the callers from these numbers were unidentified "agents" that "stated that they were from" First American who sought to sell him a non-descript home warranty. *See* Dkt. 1, ¶ 28. The absence of facts suggesting that Plaintiff spoke with an employee of First American dooms Plaintiff's ability to state a claim on a direct liability theory. *See*, *e.g.*, *Woodard v. Health Ins. All.*, 2024 WL 942629, at *3 (N.D. Ill. Mar. 5, 2024) (dismissing complaint on direct liability grounds where Plaintiff never spoke to someone who identified themselves as an employee of defendant even where the caller was promoting defendant's services); *Scruggs v. CHW Grp., Inc.*, 2020 WL 9348208, at *7–10 (E.D. Va. Nov. 12, 2020) (conclusory allegations that the caller stated they were "associated with" defendant and identified defendant by name was insufficient to plead direct or vicarious liability); *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018) (allegations plaintiff received a call from someone purportedly calling on behalf of the defendant and who identified defendant by name insufficient for direct liability). It is insufficient to state that a call is "from" an entity without additional information, particularly where, as here, the person calling "from" First American is not even alleged to have attempted to sell Plaintiff a First American home warranty product. *See*, *e.g.*, *Anderson v. Farmers Ins. Exch.*, 2024 WL 4656218, at *4 (N.D. Okla. Nov. 1, 2024) (allegation that call was "from" defendant was substantiated only where the caller also indicated they were defendant's representative *and* stated that defendant was interested in providing its services to plaintiff).

In sum, the Complaint should be dismissed under Rule 12(b)(6) as it fails to allege any nonconclusory facts that First American physically initiated any of the calls at issue, a necessary condition for Plaintiff to establish direct liability.

### B.    The Complaint Fails to Allege that First American is Vicariously Liable.

The Complaint contains vague allegations suggesting involvement of a third-party in placing the alleged calls. To the extent Plaintiff seeks to hold First American vicariously liable for the alleged calls, his theory fails.

Courts in the Third Circuit have explained that "[v]icarious liability under the TCPA may be established under a broad range of agency theories, including formal agency, apparent authority and ratification. The relationship between the parties is paramount in determining whether there is vicarious liability." *Klein*, 2016 WL 3539137, at *9 (internal citations omitted). But vicarious liability cannot be casually pled. Courts uniformly require plaintiffs to meet a certain pleading threshold to establish it. *See, e.g., Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 619 (E.D. Pa. 2015) (dismissing where plaintiff did not plead any allegations that could plausibly support her vicarious liability theories).

To meet the threshold to sufficiently allege vicarious liability, "a plaintiff must plead enough facts to establish that the asserted agency relationship existed." *Kline v. Elite Med. Labs., Inc.*, 2019 WL 6828590, at *6 (M.D. Pa. Dec. 13, 2019). And "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks*, 2018 WL 1524067, at *5; *see also Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019)*, report and recommendation adopted*, 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019) ("The existence of some connections between the defendant and the maker of the call will not suffice" for vicarious TCPA liability).

Courts routinely dismiss TCPA claims premised on vicarious liability at the pleadings stage where, as here, a plaintiff fails to allege sufficient facts establishing an agency relationship with,

or control over, a purported agent. *See*, *e.g.*, *Zarichny*, 80 F. Supp. 3d at 619 (dismissing where plaintiff did not plead any allegations that could plausibly support her vicarious liability theories); *Kline*, 2019 WL 6828590, at *6 (dismissing where "there [was] no allegation that [defendant] directed the callers to call Plaintiff on his behalf, or that [defendant] caused the callers to reasonably believe that they had the authority to call Plaintiff on [defendant's] behalf."); *Kern v. VIP Travel Servs.*, 2017 WL 1905868, at *9 (W.D. Mich. May 10, 2017) (dismissing where plaintiff did not allege "facts from which to infer an agency relationship"); *Bank v. Vivint Solar, Inc.*, 2019 WL 1306064, at *4 (E.D.N.Y. Mar. 22, 2019) (dismissing for failure to allege "any non-conclusory allegations with respect to Defendant's alleged agency relationship or Defendant's alleged control over its purported agent").

Plaintiff fails to allege any non-conclusory facts supporting an inference that the unidentified third parties who made the calls, if any, were acting as First American's agent for vicarious liability purposes—whether under actual authority, apparent authority, or ratification theories.

**1.    The Complaint Fails to Allege First American's "Actual Authority" Over Any Third-Party Caller.**

"An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *Kline*, 2019 WL 6828590, at *5 (citing *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 120 (3d Cir. 2013)). Actual authority requires "allegations [which] establish that the defendant consented to or directed the agent to act on its behalf." *Landy v. Nat. Power Sources, LLC*, 2021 WL 3634162, at *3 (D.N.J. Aug. 17, 2021).

Here, the Complaint merely alleges that the calls may have been "made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained

of herein[.]" Dkt. 1, ¶¶ 48, 50, 52, 53. The Complaint is bereft of any allegations concerning who these affiliates, agents or "other persons" might be, and what control, if any, First American exercises over them. *See id.* Without allegations "that [First American] controlled the 'manner and means' of the call[s]" made by the unidentified third party caller, Plaintiff cannot establish vicarious liability under an "actual authority" theory. *See, e.g., Doyle v. Matrix Warranty Sols., Inc.*, 679 F. Supp. 3d 42, 46–47 (D.N.J. 2023) (dismissing complaint's vicarious liability theory premised on actual authority where "the Amended Complaint d[id] not describe any control of [the third-party caller] by the Defendant. Such control is the key touchstone of actual authority."); *Brown v. Nano Hearing Tech Opco, LLC*, 2024 WL 3367536, at *4 (S.D. Cal. July 9, 2024) (finding no actual authority on motion to dismiss where complaint contained no allegations supporting existence of agency relationship or any right to control the actions of an agent); *Landy*, 2021 WL 3634162, at *4 (rejecting actual authority theory where plaintiff did "not plead facts to support his argument that [defendant] authorized the initial caller, directed them, or was aware of their conduct."); *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (no actual authority where complaint had "not pled a single fact demonstrating that [principal] actually had control over [agent] such that it can be held vicariously liable for any of [agent]'s purported violations of the TCPA").

### 2.    The Complaint Fails to Allege First American's "Apparent Authority" Over Any Third-Party Caller.

"Apparent authority arises in those situations where the ***principal*** causes persons with whom the agent deals to reasonably believe that the agent has authority despite the absence of an actual agency relationship." *Kline*, 2019 WL 6828590, at *5 (emphasis added); *Landy*, 2021 WL 3634162, at *4 (apparent authority must be "traced to the principal's own manifestations"). Courts have dismissed vicarious liability claims at the pleadings stage asserting an apparent authority theory where the pleadings did not plausibly "allege that [the plaintiff] reasonably relied upon something

-10-

said or done by [the alleged principal] to [plaintiff's] detriment." *Canary v. Youngevity Int'l, Inc.*, 2019 WL 1275343, at *8 (N.D. Cal. Mar. 20, 2019); *see also Landy*, 2021 WL 3634162, at *4 (dismissing complaint on apparent authority theory where complaint did "not assert facts that suggest the initial caller had any relationship with [defendant], or that would lead a reasonable person to believe the initial caller had authority to act on [defendant]'s behalf."); *Kline*, 2019 WL 6828590, at *6 (same, where there was "no allegation that [defendant] directed the callers to call Plaintiff on his behalf, or that [defendant] caused the callers to reasonably believe that they had the authority to call Plaintiff on [defendant]'s behalf.); *Linlor v. Five9, Inc.*, 2017 WL 2972447, at *4 (S.D. Cal. July 12, 2017) (finding "Plaintiff does not allege that he reasonably relied, much less to his detriment, on any apparent authority with which Defendant allegedly cloaked the entity responsible for creating and sending the text messages") (cleaned up).

Plaintiff does not allege that First American did or said anything to him regarding any third-party caller's authority to contact him, let alone that he relied on such actions or statements of First American to his detriment, both of which are required elements necessary to plead apparent authority. *See generally*, Dkt. 1. None of the statements made by any person that Plaintiff purportedly spoke with, even assuming *arguendo* that they were First American employees, concerned a caller's authority to place any calls. *See Sapan v. Shore Cap. Corp.*, 2024 WL 4002622, at *6 (C.D. Cal. Aug. 23, 2024) (allegation that caller was "with" defendant insufficient to establish apparent authority); *Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2018 WL 835222, at *6 (N.D. Ill. Feb. 13, 2018) (rejecting plaintiff's argument that third party telemarketers had apparent authority "simply because they mentioned Defendants' products on their calls and sent him paperwork featuring Defendants' names").

Further, should Plaintiff argue that the person who placed the first call he received had

apparent authority to place calls on Defendant's behalf because the caller attempted to transfer the call to First American, "[p]laintiff alleges neither conduct or words by Defendant that could be understood as vesting the telemarketers with authority, nor how such authority contributed to the alleged TCPA violations. It is in the nature of a third-party telemarketer that it will transfer the leads it receives to a party who can use them. That does not mean that the telemarketer is acting on the authority of another, rather than on its own authority in the hope of making a sale." *Cacho v. McCarthy & Kelly LLP*, --- F. Supp. 3d ----, 2024 WL 3293628, at *15 (S.D.N.Y. July 3, 2024).

Without any representations made by First American about a third party caller's authority to place calls, and Plaintiff's reasonable reliance on those representations, there can be no vicarious liability on an apparent authority theory. *Landy*, 2021 WL 3634162, at *4; *Kline*, 2019 WL 6828590, at *6; *Canary*, 2019 WL 1275343, at *8; *Linlor*, 2017 WL 2972447, at *4.

### 3. The Complaint Fails to Allege that First American "Ratified" Any Conduct by Any Third-Party Caller.

Ratification requires evidence "in the form of an act manifesting affirmance of the calls, manifesting assent for the calls, or justifying a reasonable assumption that [defendant] consented." *Klein*, 2016 WL 3539137, at *12. More than that, ratification requires a defendant to have "actual authority" over the caller whose wrongful acts are being ratified. *See Pascal v. Agentra, LLC,* 2019 WL 5212961, at *4 (N.D. Cal. Oct. 16, 2019).

A defendant must have actual knowledge that an agent is sending messages in violation of the TCPA to be liable under a ratification theory of vicarious liability. *See*, *e.g.*, *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) ("Although AC Referral was an agent of Click Media, Kristensen presented no evidence that Click Media had actual knowledge that AC Referral was sending text messages in violation of TCPA."). It is not sufficient for a defendant to merely have knowledge that calls are being placed on its behalf to trigger liability under a ratification

theory. *Cacho*, --- F. Supp. 3d ----, 2024 WL 3293628, at *17 ("Plaintiff's well-pleaded allegations support the inference that Defendant was aware the telemarketers had solicited individuals injured at Camp Lejeune. But '[t]he knowledge that an agent is engaged in an otherwise commonplace marketing activity is not the sort of red flag that would lead a reasonable person to investigate whether the agent was engaging in unlawful activities.'") (quoting *Kristensen*, 879 F.3d at 1015). Nor can a ratification theory be established simply because a defendant stands to benefit from a call. *See*, *e.g.*, *Perrong v. Charlie for Governor*, 2024 WL 919837, at *3 (E.D. Pa. Mar. 4, 2024) ("Importantly, '[a]n entity cannot be held liable under the TCPA merely because they stand to benefit from the call.'") (quoting *Landy*, 2021 WL 3634162, at *3).

Here, there are no allegations (not even conclusory ones) that First American knew that any third-party involved in the placement of the calls was placing those calls in violation of the TCPA. *See* Dkt. 1. Plaintiff does not allege that he informed any purported First American employee that he was called without consent. *See id.* Nor does Plaintiff allege that First American received any benefit by virtue of the calls Plaintiff received. *See id*. Plaintiff's Complaint fails to allege any viable theory of vicarious liability due to the absence of such allegations. The Complaint should therefore be dismissed as to any claims predicated on calls placed by any unidentified third-party.

### C. The Complaint Fails to Allege that Plaintiff Received More Than One "Telephone Solicitation" in a 12-Month Period.

Even if Plaintiff adequately alleges that First American is directly or vicariously liable for the calls he received, which he does not, the Complaint must still be dismissed due to the absence of any non-conclusory facts supporting an inference that Plaintiff received more than one "telephone solicitation" in a 12-month period. 47 U.S.C. § 227(c).

It is well settled that the TCPA's Do-Not-Call provisions—the sole basis of liability against First American alleged in the Complaint (Dkt. 1, ¶¶ 49–53)—"relates solely to telemarketing and

solicitation calls." *Warnick v. Dish Network LLC*, 301 F.R.D. 551, 558 fn. 3 (D. Colo. 2014). The TCPA's implementing regulations define a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person" without their "prior express invitation or permission." 47 C.F.R. §§ 64.1200(c)(2), (f)(15).

It is not sufficient, however, for a complaint to allege that plaintiff received a solicitation. Rather, a complaint must "allege sufficient facts regarding the content of the calls from which the Court could infer that the purpose of the calls was to encourage 'the purchase or rental of, or investment in, property, goods, or services'" in order to survive dismissal under Rule 12(b)(6). *Gillam v. Reliance First Cap., LLC*, 2023 WL 2163775, at *3 (E.D.N.Y. Feb. 22, 2023). Plaintiff's Complaint lacks sufficient, non-conclusory, factual content to support the inference that he received more than one "telephone solicitation" by or on behalf of First American.

The Complaint alleges that the caller he spoke to on the first complained-of call attempted to sell him a home warranty through First American. Dkt. 1, ¶ 26. Even if this allegation sufficiently supports the inference that this call was a "telephone solicitation," which is questionable under applicable case law, Plaintiff must provide sufficient facts that he received *more than one* "telephone solicitation" to survive dismissal. *See*, *e.g.*, *Gillam*, 2023 WL 2163775, at *3 (dismissing DNC claim under rule 12(b)(6) where plaintiff only provided facts relating to one call he received). The Complaint fails to do so. Rather, Plaintiff alleges that he received three more calls from a different number than the one that placed the initial call. Dkt. 1, ¶ 27. During this call, the purported callers "from First American Home Warranty" are said to have "sought to solicit the Plaintiff to purchase a home warranty." *Id.*, ¶ 28. These allegations are entirely insufficient.

A recently dismissed case from this District involving Plaintiff and his counsel is instructive

on this point. *See Weingrad v. Top Healthcare Options Ins. Agency Co.*, 2024 WL 4228149 (E.D. Pa. Sept. 17, 2024). In *Weingrad*, the Hon. Mark A. Kearney dismissed plaintiff's claim for violations of the TCPA's Do-Not-Call provisions on several grounds, including on the basis that plaintiff failed to allege that he received more than one telephone solicitation in a 12-month period. *Id.*, at *3–5. The court found plaintiff's allegation that "the purpose of the call was to sell the Plaintiff health insurance" to be entirely conclusory and lacking in the factual enhancement necessary to survive dismissal. *Id.* at *5. The allegation found insufficient in *Weingrad* is nearly identical in kind to the allegation he advances in this litigation. *See* Dkt. 1, ¶ 28 (alleging that the calls he received "sought to solicit the Plaintiff to purchase a home warranty.").

Numerous other courts have also found allegations similar to the one at issue here to be lacking. *See*, *e.g.*, *Gillam*, 2023 WL 2163775, at *3 (allegation that defendant's agent "solicit[ed] refinancing products" during call provided insufficient detail regarding whether call constituted a telephone solicitation); *Dahdah v. Rocket Mortgage LLC*, 2023 WL 5941730, at *3 (E.D. Mich. Sept. 12, 2023) (allegations that the defendant "made the calls for the purpose of selling mortgage products and services" insufficient to plead receipt of a "telephone solicitation" for a DNC claim); *Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at *1 (D. Ariz. Feb. 15, 2017) (finding complaint failed to allege a telephone solicitation where it "allege[d] that the calls were initiated 'for the purpose of soliciting for [Defendant's] products and services,' but provide[d] no factual support that would allow the court to draw a reasonable inference that this is true.").

The Court should dismiss the Complaint under Rule 12(b)(6) on this ground as well.

### D.    The Complaint Fails to Allege a Willful or Knowing Violation of the TCPA.

The Complaint's prayer for treble damages is also subject to dismissal under Rule 12(b)(6) because Plaintiff fails to allege any factual content suggesting that First American engaged in "willful" or "knowing" violations of the TCPA. The TCPA allows a court to treble an award of

damages under the TCPA "if the fact-finder determines [defendant] 'willfully or knowingly violated' the Telephone Consumer Protection Act." *Weingrad*, 2024 WL 4228149, at *5 (citing 47 U.S.C. § 227(b)(3)(C)). To survive dismissal, Plaintiff must allege facts sufficient to support the inference that First American "kn[ew] it performed violative conduct because '[i]f we interpreted the statute to require only that the violator knew he was making a 'call' or sending a fax, the statute would have almost no room for violations that are not 'willful or knowing.'" *See id.*, at *5 (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015)).

Here, the Complaint contains the conclusory allegation that "Defendant's violations were negligent, willful, or knowing." Dkt. 1, ¶ 51. This is the exact same allegation that the *Weingrad* court found insufficient to sustain Plaintiff's burden to allege *facts* suggesting a willful or knowing violation of the TCPA. *See Weingrad*, 2024 WL 4228149, at *5 (allegation that "Defendant's violations were negligent, willful or knowing" was "insufficiently pleaded and Mr. Weingrad, without more, cannot seek trebled damages"). The *Weingrad* court broke no new ground, as courts nationwide have routinely held that conclusory allegations of "willful" or "knowing" violations are insufficient to support a request for treble damages under the TCPA. *See*, *e.g.*, *Lary*, 780 F.3d at 1107 ("[T]he bare assertion in [plaintiff's] complaint that the defendants 'willfully' and 'knowingly' violated the [TCPA] was a legal conclusion, not an allegation of fact that we must accept as true."); *Fania v. Verified Docu Serv., Inc.*, 2024 WL 1012963, at *5 (M.D. Fla. Mar. 8, 2024) (finding that complaint failed to allege facts suggesting defendant committed "willful" or "knowing" TCPA violations); *Sterling v. Securus Techs., Inc.*, 2020 WL 2198095, at *6 (D. Conn. May 6, 2020) (finding allegations that TCPA violations were "willful" or "knowing" mere legal conclusions unsupported by specific factual allegations).

The Court should therefore dismiss Plaintiff's request for treble damages for failing to allege

facts supporting his conclusory allegation that First American engaged in "willful" or "knowing" violations of the TCPA.

**II.    Plaintiff Lacks Standing To Pursue Injunctive Relief Against First American For Want Of Imminent Future Injury.**

Plaintiff seeks, *inter alia*, injunctive relief on behalf of himself and the putative class. Dkt. 1, ¶¶ 42, 48, 53. But Plaintiff has not established any threat of future injury such that injunctive relief would be appropriate, and therefore lacks standing to seek such relief.

Allegations of future injury will suffice "if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation omitted). Courts have dismissed prayers for injunctive relief for lack of standing in TCPA cases when a plaintiff "does not allege any facts regarding potential future calls." *Brown*, 2024 WL 3367536, at *8 (dismissing request for injunctive relief for lack of standing where plaintiff only alleged "she received three calls within one month in 2023 and does not allege she has received any additional calls since then."); *Weingrad*, 2024 WL 4228149, at *7 (dismissing claim for injunctive relief where plaintiff did "not plead threat of future harm."); *Martin*, 723 F. Supp. 3d at 281 (same, where complaint "did not plead facts supporting the proposition that [plaintiff] will ever receive a second (or third or fourth) robocall from [defendant]"); *Blair v. Assurance IQ LLC*, 2023 WL 6622415, at *5 (W.D. Wash. Oct. 11, 2023) (complaint did not sufficiently allege threat of future injury where plaintiff "received calls over a period of seven days" three months prior to filing the complaint and did not allege continuing calls).

Here, Plaintiff alleges that he received a total of four calls over a six-day period. Dkt. 1, ¶ 23. The last call Plaintiff received was six weeks prior to the filing of the Complaint. *Id.* The Complaint alleges, on information and belief, that the purportedly illegal calls alleged in the Complaint "are substantially likely to continue in the future if an injunction is not entered." *Id.*, ¶ 48. But this

allegation is entirely speculative and "does not resolve the lack of any facts alleging that this pattern would continue." *Brown*, 2024 WL 3367536, at *8 (finding allegation that defendant's conduct "demonstrated a pattern of unlawful behavior that will not cease without court intervention" to be conclusory and speculative); *see also Weingrad*, 2024 WL 4228149, at *6 (dismissing claim for injunctive relief where plaintiff failed to plead sufficient facts showing that he was likely to receive further calls in violation of the TCPA).

The Complaint lacks any facts suggesting that Plaintiff is at risk of receiving unconsented calls, let alone a "substantial risk." Plaintiff's prayer for injunctive relief should therefore be dismissed.

## <u>Conclusion</u>

For all of these reasons, and for those reasons that may be further presented to the Court, First American respectfully requests that the Court dismiss the Complaint for failure to state a claim. First American further requests that Plaintiff's prayer for injunctive relief be dismissed due to Plaintiff's failure to allege facts showing a substantial risk of future injury.

Dated: December 9, 2024    Respectfully submitted,

         HANGLEY ARONCHICK
         SEGAL PUDLIN & SCHILLER

       By: */s/ Eitan G. Kagedan*
        Eitan G. Kagedan
        One Logan Square, 27th Floor
        Philadelphia, PA 19103
        T: (215) 568-6200
        E: ekagedan@hangley.com

        MANATT, PHELPS & PHILLIPS, LLP
        Christine M. Reilly (*pro hac vice* forthcoming)
        Alexandra N. Krasovec (*pro hac vice* forthcoming)
        Cody A. DeCamp (*pro hac vice* forthcoming)
        2049 Century Park East, Suite 1700

Los Angeles, CA 90067
T: (310) 312-4000
E: CReilly@manatt.com
AKrasovec@manatt.com
CDeCamp@manatt.com

*Counsel for First American Home Warranty Corporation*