**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 2:24-cv-05488 |
| v. | |
| FIRST AMERICAN HOME WARRANTY CORPORATION, | |
| Defendant. | |

<u>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**</u>

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 1

I.      The Complaint Fails to Sufficiently Allege Direct TCPA Liability. .................................... 1

II.     The Complaint Fails To Allege Vicarious TCPA Liability. ............................................... 6

III.    Plaintiff Fails To Allege Receipt Of More Than One Telephone Solicitation. ................ 8

IV.    Plaintiff Has Not Pled A Willful Or Knowing TCPA Violation. ...................................... 9

V.     Plaintiff Has Not Alleged A Threat Of Future Harm. ...................................................... 9

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

PAGE

## CASES

*Abramson v. AP Gas & Elec. (PA), LLC*,
   2023 WL 1782728 (W.D. Pa. Feb. 6, 2023) ..........................................................................10

*Abramson v. Josco Energy USA, LLC*,
   Case No. 2:21-cv-01322-MRH, Dkt. 30 .......................................................................3, 4, 10

*Anderson v. Farmers Ins. Exch.*,
   2024 WL 4656218 (N.D. Okla. Nov. 1, 2024) .........................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................1

*Atkinson v. Choice Home Warranty*,
   2023 WL 166168 (D.N.J. Jan. 11, 2023) ..................................................................................9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................1

*Blair v. Assurance IQ LLC*,
   2023 WL 6622415 (W.D. Wash. Oct. 11, 2023) .....................................................................10

*Chinitz v. Intero Real Est. Servs.*,
   2021 WL 1375837 (N.D. Cal. Apr. 12, 2021) ..........................................................................7

*Conley v. Gibson*,
   355 U.S. 41 (1957)....................................................................................................................1

*Consol. Grain & Barge, Inc. v. Anny*,
   2013 WL 486687 (E.D. La. Feb. 6, 2013) .............................................................................1, 2

*Cunningham v. Rapid Response Monitoring Servs., Inc.*,
   251 F. Supp. 3d 1187 (M.D. Tenn. 2017)...............................................................................7, 8

*Doyle v. Matrix Warranty Sols., Inc.*,
   679 F. Supp. 3d 42 (D.N.J. 2023) .............................................................................................6

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009).......................................................................................................1

*Gutierrez v. Fla. Advert. & Mktg. Corp.*,
   387 F. Supp. 3d 1410 (S.D. Fla. 2019) ...................................................................................10

*Hartley-Culp v. Green Tree Servicing, LLC*,
   52 F. Supp. 3d 700 (M.D. Pa. 2014) .........................................................................................6

*Havassy v. Keller Williams Realty, Inc.*,
   2024 WL 1640984 (E.D. Pa. Apr. 16, 2024) ............................................................................7

*Hayhurst v. Keller Williams Realty, Inc.*,
   2020 WL 4208046 (M.D.N.C. July 22, 2020) ..........................................................................7

## TABLE OF AUTHORITIES
### (Continued)

Page

*Martin v. Bottom Line Concepts, LLC*,
    723 F. Supp.3d 270 (S.D.N.Y. 2024)........................................................3

*McMorrow v. Core Properties, LLC*,
    2023 WL 8697795 (E.D. Mo. Dec. 15, 2023) .............................................7

*Meeks v. Buffalo Wild Wings, Inc.*,
    2018 WL 1524067 (N.D. Cal. Mar. 28, 2018)............................................3

*Morris v. SolarCity Corp.*,
    2016 WL 1359378 (N.D. Cal. Apr. 6, 2016) ..............................................8

*Smith v. Am.-Amicable Life Ins. Co. of Texas*,
    2022 WL 1003762 (E.D. Pa. Apr. 4, 2022) ...............................................4

*Stemke v. Marc Jones Constr., LLC*,
    2021 WL 4340424 (M.D. Fla. Sept. 23, 2021) ..........................................4

*Swierkiewicz v. Sorema N. A.*,
    534 U.S. 506 (2002). ECF No. 8...............................................................1

*Toney v. Quality Res., Inc.*,
    75 F. Supp. 3d 727 (N.D. Ill. 2014) ..........................................................5

*Weingrad v. Top Healthcare Options Ins. Agency Co.*,
    2024 WL 4228149 (E.D. Pa. Sept. 17, 2024) ...................................8, 9, 10

*Wick v. Twilio Inc.*,
    2017 WL 2964855 (W.D. Wash. July 12, 2017) .....................................2, 3

*Zeitlin v. Palumbo*,
    532 F. Supp. 3d 64 (E.D.N.Y. 2021) .........................................................8

### RULES

Fed. R. Civ. Proc. 12(b)(1) .............................................................1, 2, 10

Fed. R. Civ. Proc. 12(b)(6) ..........................................................1, 2, 7, 10

## INTRODUCTION

Plaintiff Leon Weingrad's Opposition to Defendant First American Home Warranty's Motion to Dismiss (ECF No. 8) confuses conclusory allegations with allegations of fact, asks the Court to make logical leaps not supported by the Complaint, and largely substitutes the colloquy of counsel in the place of legal authority supporting Plaintiff's position. The arguments within the Opposition do not alter the conclusion that Plaintiff's Complaint should be dismissed under Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6).

## ARGUMENT

### I.    The Complaint Fails to Sufficiently Allege Direct TCPA Liability.

Plaintiff raises a number of arguments supporting his contention that the Complaint sufficiently alleges direct liability. *See* ECF No. 8, p. 4–12. None, however, are persuasive.

***First***, Plaintiff's explanation of the legal standard for what Plaintiff must allege to survive a motion to dismiss is inaccurate and does not reflect the current state of the jurisprudence governing Fed. R. Civ. Proc. 12(b)(6). ECF No. 8, p. 5. Plaintiff argues that a Rule 12(b)(6) motion is not the proper vehicle for testing the sufficiency of the allegations in the Complaint, relying on *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). ECF No. 8, p. 5. But this is incorrect. The Third Circuit recognizes that the "no set of facts" pleading standard articulated in *Swierkiewicz* was overruled by the Supreme Court's later holdings. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("We have to conclude, therefore, that because *Conley*[1] has been specifically repudiated by both *Twombly*[2] and *Iqbal*[3], so too has *Swierkiewicz*, at least insofar as it concerns pleading requirements and relies on *Conley*."). It is also unclear how *Consol. Grain & Barge, Inc. v. Anny*, 2013 WL 486687

---

[1] *Conley v. Gibson*, 355 U.S. 41 (1957).
[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

(E.D. La. Feb. 6, 2013), supports Plaintiff's argument since it did not even involve a challenge under Rule 12(b)(6), but a factual challenge to standing under Fed. R. Civ. Proc. 12(b)(1). *Consol. Grain & Barge, Inc.*, 2013 WL 486687, at \*4.

**Second**, Plaintiff's characterization of the facts alleged in the Complaint reflect logical leaps that are inconsistent with the Complaint's actual allegations, which primarily consist of bare conclusions rather than facts. *See* ECF No. 8, p. 4, 5. Specifically, Plaintiff contends that he has alleged facts which "prove" that "Defendant directly placed the first call, illegally, using a fake 'spoofed' caller ID, which Defendant then used for its benefit in attempting to sell the Plaintiff a home warranty through agents who confirmed their identities." *Id.*, p. 4 (citing ECF No. 1, ¶ 26). Not so. Rather, Paragraph 26 of the Complaint merely alleges that the first call Plaintiff received "appeared to be" placed by a "'spoofed' caller ID." ECF No. 1, ¶ 26. Plaintiff alleges no facts supporting the inference that Defendant placed this call, only that the caller attempted to sell Plaintiff "a home warranty through First American". *Id.* Contrary to the Opposition's representations, Plaintiff does not allege that the caller confirmed themselves to be Defendant's agent. *Id.* Indeed, Paragraph 26 of the Complaint lacks a factual basis to support even a reasonable inference that the caller attempted to transfer Plaintiff to "another First American Home Warranty representative," as (1) it does not allege that the initial caller told Plaintiff that the caller was going to attempt to transfer Plaintiff to Defendant's representative, and (2) this transfer was purportedly never completed. *See* ECF No. 1. At bottom, allegations that Defendant's goods or services were offered during a call, without more, do not support the plausible inference that Defendant physically initiated the call. *Wick v. Twilio Inc.*, 2017 WL 2964855, at \*3 (W.D. Wash. July 12, 2017) ("The FCC recognizes that merely offering a good or service for sale does not mean that a retailer initiates the marketing calls for that product" for direct TCPA liability purposes).

***Third***, Plaintiff's classification of Defendant's authorities as inapposite is unpersuasive. ECF No. 8, p. 5, 6. Plaintiff argues that the *Wick* court allowed a TCPA claim to proceed against a defendant when the call was initiated by a third-party. *Id.* Not so. Rather, the *Wick* court held that "plaintiff's allegations regarding the telephone call he received are insufficient to raise a plausible inference that [defendant] initiated that call." *Wick*, 2017 WL 2964855, at *4. Plaintiff's attempt to distinguish *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067 (N.D. Cal. Mar. 28, 2018), is similarly unavailing. ECF No. 8, p. 6. Plaintiff does not dispute that the communications at issue in *Meeks* specifically identified defendant's products or services and invited recipients of the message to download defendant's mobile application. *Meeks*, 2018 WL 1524067, at *2. These allegations were insufficient to show that defendant initiated the call where other allegations in plaintiff's complaint failed to support the plaintiff's conclusory allegation regarding defendant's responsibility for the call. *Id.*, at *2–5. Further, Plaintiff's argument that this case is analogous to *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp.3d 270, 282 (S.D.N.Y. 2024), is wrong. ECF No. 8, p. 6. In *Martin*, the court determined the complaint sufficiently alleged defendant's direct liability where it contained a number of facts detailing plaintiff's investigation into the number that placed the call as well as the message that played when dialing the number. 723 F. Supp. 3d at 282. Here, the Complaint only provides the conclusory allegation that the -3654 number from which Plaintiff received "at least three calls," "when called back leads to First American Home Warranty." ECF No. 1, ¶ 27. This allegation is not adequate to connect Defendant to *all* calls alleged in the Complaint.

Plaintiff's legal authority concerning whether the calls he allegedly received from the -3654 number are sufficiently tied to Defendant to establish Defendant as the caller similarly fail to move the needle. ECF No. 8, p. 7–11. The allegations in *Abramson v. Josco Energy USA, LLC*, Case No. 2:21-cv-01322-MRH, Dkt. 30, are distinguishable and significantly more robust than those in this

case. In *Abramson*, the plaintiff was able to sufficiently allege direct liability where (1) the caller attempted to enroll plaintiff in defendant's services, (2) plaintiff was transferred to a verification system and received a verification number unique to defendant, (3) the caller stayed on the line and walked plaintiff through his responses to the verification system, (4) the verification system provided plaintiff with defendant's number, and (5) the caller appeared to be defendant's employee because he "did not mention, promote the energy services of, or transfer [p]laintiff to the recorded verification systems of any other entities." *Abramson*, Dkt. 30, p. 3, 4. Here, the Complaint's allegations do not rise to this level: Plaintiff does not allege that the callers he spoke with attempted to sell Defendant's products or services nor does Plaintiff allege facts that the callers were Defendant's employees beyond the bare assertion that the callers represented they were "from" First American. ECF No. 1, ¶ 27.

Smith v. Am.-Amicable Life Ins. Co. of Texas*, 2022 WL 1003762 (E.D. Pa. Apr. 4, 2022), is similarly distinguishable. ECF No. 8, p. 9. In *Smith*, the plaintiff alleged additional factual content to suggest that defendant placed the call, including the explicit representations on every call that he was "speaking with [defendant]," that he was directed to defendant's website on a number of the calls, and that the call-back number provided by the callers contained a Texas area code, the place of defendant's incorporation, which suggested that the calls were placed by defendant. *Smith*, 2022 WL 1003762, at *2. Such allegations are not present here. *See* ECF No. 1.

Stemke v. Marc Jones Constr., LLC,* 2021 WL 4340424 (M.D. Fla. Sept. 23, 2021) also contains facts not present in Plaintiff's Complaint. In *Stemke*, the complaint alleged that "[p]laintiff's attorneys" called the numbers that plaintiff received calls from, the dates on which plaintiff's attorneys made these calls, and "confirmed this phone number belong[ed] to [defendant]." 2021 WL 4340424, at *1. Here, the Complaint does not detail the circumstances of the callback or what

information the person calling this number back was provided with during the callback. ECF No. 1, ¶ 27. *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727 (N.D. Ill. 2014) is also unhelpful to Plaintiff since the court found the complaint failed to assert a direct liability theory. 75 F.Supp.3d at 742.

**Fourth**, Plaintiff's contention that Defendant "misrepresents" the holding in *Anderson v. Farmers Ins. Exch.*, 2024 WL 4656218 (N.D. Okla. Nov. 1, 2024), is manifestly incorrect. *See* ECF No. 8, p. 11. Defendant specifically acknowledged that the *Anderson* court found plaintiff's allegations sufficient to state a claim for direct liability. *See* ECF No. 5, p. 13. Defendant's argument is that *Anderson* made this finding only where the allegations that a call was "from defendant" were bolstered by allegations that the caller identified themselves as defendant's representative **and** attempted to sell defendant's products and services during the solicitation. 2024 WL 4656218, at *4. Plaintiff does not allege that the callers calling from the -3654 number tried to sell him Defendant's products or services. ECF No. 1, ¶ 28.

**Fifth**, much of Plaintiff's Opposition consists of the colloquy of counsel, untethered from any legal authority or factual allegations. *See* ECF No. 8, p. 6–9. Plaintiff's discussion of "boiler room[s]," Defendant's "'closing' department," or Defendant "*explicitly design[ing]*" IT telephone system to cast doubt on Plaintiff's allegations are nowhere to be found within the Complaint. *See id.* (emphasis in original).

**Lastly**, the Opposition's inflammatory characterization of Defendant's alleged wrongful conduct or the baseless allegation that arguments raised in the Motion "borders on the sanctionable" is inaccurate, unseemly, and runs contrary to the decorum federal courts demand of counsel. *See* ECF No. 8, p. 6–11.[4]

---

[4] *See*, *e.g.*, ECF No. 8, p. 6 ("Defendant lied about its caller ID and is now taking advantage of their own misconduct in that regard to attempt to toss this case at the pleadings stage."); p. 7 ("any bad actor (like Defendant here) could call people incessantly using fake and illegally

II.     __The Complaint Fails To Allege Vicarious TCPA Liability.__

Plaintiff's argument that the Complaint adequately alleges vicarious liability is entirely unsupported by the allegations in the Complaint. *See* ECF No. 8, p. 12–14.

**First**, Plaintiff has not addressed the many cases cited by Defendant demonstrating that allegations like those in the Complaint fail to sufficiently allege vicarious liability. *Compare* ECF No. 8, p. 12–14 *with* ECF No. 5, p. 14–19. Instead, Plaintiff appears to argue that the Complaint should not be dismissed if it adequately pleads a claim for direct liability. ECF No. 8, p. 12. Fair enough. But while District Courts within the Third Circuit will decline to dismiss the complaint if it states a claim under a direct or vicarious liability theory, they will still rule on the sufficiency of both theories to narrow the facts at issue. *See, e.g.*, *Doyle v. Matrix Warranty Sols., Inc.*, 679 F. Supp. 3d 42, 47 (D.N.J. 2023) (holding that complaint did not sufficiently plead vicarious liability, but allowing claim to proceed under a direct liability theory); *see also Hartley-Culp v. Green Tree Servicing, LLC*, 52 F. Supp. 3d 700, 703 (M.D. Pa. 2014) (explaining that vicarious liability should still be analyzed if the complaint states a TCPA claim under a direct liability theory, because doing so would "narrow the theories for liability under which plaintiff could proceed."). If the Court determines the Complaint states a claim under a direct liability theory, it should nonetheless rule on the sufficiency of the Complaint's allegations supporting vicarious liability to narrow the issues in the case should it proceed. This is particularly appropriate where, as here, Plaintiff appears to concede he is seeking to recover on a direct liability theory only. *See* ECF No. 8, p. 14 ("These details surrounding the calls are more than sufficient to put Defendant on notice of the claim being

---

spoofed caller IDs"), p. 8 ("The Defendant is full of baloney in this regard and makes an argument that borders on the sanctionable."); ("This behavior is no different than the common conduct of other individuals in all sorts of criminal enterprises which take steps to hide their involvement."); p. 9 ("Putting every conceivable hurdle in the face of the Plaintiff investigating the source of the illegal contacts he received is par for the course for the Defendant.").

asserted and that it is alleged to have made telemarketing calls directly to Plaintiff[.]")

 **Second**, the cases Plaintiff relies on do not validate his argument that allegations supporting a direct liability theory are sufficient to plead vicarious liability. ECF No. 8, p. 12, 13.

 Many of the cases do not involve motions to dismiss under Rule 12(b)(6). One case involved whether defendant was subject to personal jurisdiction within Pennsylvania, not whether defendant was vicariously liable under the TCPA. *See Havassy v. Keller Williams Realty, Inc.*, 2024 WL 1640984 (E.D. Pa. Apr. 16, 2024). Others were determined at the summary judgment stage, where plaintiffs provided evidence supporting their theories of vicarious liability. *See Chinitz v. Intero Real Est. Servs.*, 2021 WL 1375837, at *4–6 (N.D. Cal. Apr. 12, 2021) (holding that plaintiff established defendant's vicarious liability under an apparent authority theory after review of evidence); *McMorrow v. Core Properties, LLC*, 2023 WL 8697795, at *13 (E.D. Mo. Dec. 15, 2023) (same). The Complaint lacks even conclusory facts suggesting that a third-party placed the calls at issue on Defendant's behalf. *See* ECF No. 1.

 Plaintiff's cited authority involving motions to dismiss vicarious liability claims fare no better. In *Hayhurst v. Keller Williams Realty, Inc.*, 2020 WL 4208046 (M.D.N.C. July 22, 2020), the court allowed a vicarious liability theory to proceed where the complaint contained a multitude of allegations regarding defendant authorizing agents to call on its behalf, including using a calling script similar to the one used in contacting plaintiff. 2020 WL 4208046, at *6. In *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187 (M.D. Tenn. 2017), the court allowed a vicarious liability theory to proceed where plaintiff alleged facts describing an agency relationship between defendants and the individuals who placed calls to plaintiff, and ultimately dismissed an apparent authority theory after noting that "[r]ule 12(b)(6) does, however, require a party to allege at least some facts supportive of any asserted theory of liability and, insofar as Cunningham relies

on apparent authority, he has failed to do so." 251 F. Supp. 3d at 1199. Nor does *Zeitlin v. Palumbo*, 532 F. Supp. 3d 64 (E.D.N.Y. 2021), assist Plaintiff, as the court actually dismissed the plaintiff's vicarious liability theory because it was not substantiated by non-conclusory facts. Lastly, *Morris v. SolarCity Corp.*, 2016 WL 1359378 (N.D. Cal. Apr. 6, 2016), is inapposite because the plaintiff there alleged that he provided a robocaller with a fake name and address, and subsequently received a call from defendant "who asked him to confirm the fictitious name and address he had given to" the initial robocaller thus supporting a connection between the two calls. 2016 WL 1359378, at *1. The factual allegations here are clearly lacking in comparison.

There are simply no allegations in the Complaint supporting Defendant's vicarious liability for the calls at issue, even if the Complaint does state a claim for direct liability.

### III.    Plaintiff Fails To Allege Receipt Of More Than One Telephone Solicitation.

Plaintiff cannot avoid the conclusion that the Complaint does not allege that Plaintiff received more than one telephone solicitation. ECF No. 8, p. 15, 16.

*First*, Plaintiff's representation that the Complaint alleges that the three calls placed from the -3654 number sought to sell him a First American home warranty is incorrect. ECF No. 8, p. 15. Rather, the Complaint alleges that the caller(s) for these calls "sought to solicit the Plaintiff to purchase a home warranty." ECF No. 1, ¶ 28.

*Second*, Plaintiff's attempt to distinguish *Weingrad v. Top Healthcare Options Ins. Agency Co.*, 2024 WL 4228149 (E.D. Pa. Sept. 17, 2024), falls flat. ECF No. 8, p. 16. It is true that the *Weingrad* court found Plaintiff could only allege one telephone solicitation, at most, because Plaintiff only answered one of nine alleged calls. 2024 WL 4228149, at *3, *4. But the court also determined that Plaintiff inadequately described the one call he did answer where he simply stated that "the purpose of the call was to sell the Plaintiff health insurance." *Id.* at *4. This is nearly identical to the allegations in the Complaint, and a similar result should follow. ECF No. 1, ¶ 28.

*Third*, Plaintiff's reliance on *Atkinson v. Choice Home Warranty*, 2023 WL 166168 (D.N.J. Jan. 11, 2023), is misplaced. As the *Weingrad* court explained, *Atkinson* involved "conversations which specifically identified the caller and provided Ms. Atkinson with a website to purchase [defendant]'s products." 2024 WL 4228149, at *4. No such facts are alleged here.

As such, Plaintiff fails to state a claim for a violation of the TCPA's DNC provision.

## IV.    Plaintiff Has Not Pled A Willful Or Knowing TCPA Violation.

Plaintiff fails to address the authority cited by Defendant from this District holding that allegations that a defendant's violations were "negligent, willful or knowing" are insufficient to plausibly allege a willful or knowing violation of the TCPA. *See Weingrad*, 2024 WL 4228149, at *5; *Compare* ECF No. 5, p. 21, 22 *with* ECF No. 8, p. 16, 17. The *Weingrad* court also rejected the argument that defendant's willful or knowing violation of the TCPA was demonstrated by the caller providing plaintiff a "fake name" during the call he answered—the exact same argument advanced by Plaintiff here. 2024 WL 4228149, at *5. Plaintiff cites no authority holding that a single call placed from "what *appears to be* a 'spoofed' caller ID" is sufficient to establish a willful or knowing violation of the TCPA, let alone that such ambiguous language sufficiently alleges that a call was spoofed. ECF No. 1, ¶ 26 (emphasis added).

Therefore, Plaintiff's claim that he is entitled to treble damages for "willful" or "knowing" violations of the TCPA is inadequately pled.

## V.    Plaintiff Has Not Alleged A Threat Of Future Harm.

Plaintiff argues that the Complaint alleges "that Defendant continues to make illegal calls." ECF No. 8, p. 17. It does not. The cited portions of the Complaint detail a call placed in August 2024 (¶ 26), and the allegation that "on information and belief" Defendant's calling activity is "substantially likely to continue in the future if an injunction is not entered"(¶ 48). Plaintiff again fails to respond to Defendant's citation of *Weingrad*, 2024 WL 4228149, at *6, *7, which rejected

the precise arguments raised by Plaintiff here.

Further, *Gutierrez v. Fla. Advert. & Mktg. Corp.*, 387 F. Supp. 3d 1410 (S.D. Fla. 2019), is distinguishable. *Gutierrez* involved a motion to dismiss a TCPA claim for injunctive relief under Rule 12(b)(6), not whether plaintiff had standing to pursue the claim under Rule 12(b)(1). 387 F. Supp. 3d at 1411, 1412. Moreover, it has been disagreed with by courts within and without the Third Circuit. *See*, *e.g.*, *Blair v. Assurance IQ LLC*, 2023 WL 6622415, at *4 (W.D. Wash. Oct. 11, 2023) (rejecting *Gutierrez*'s holding concerning the sufficiency of a statutory violation to demonstrate entitlement to injunctive relief, holding "The fact that a statute—here, the TCPA—provides for injunctive relief does not automatically convey standing to seek such relief."); *see also Weingrad*, 2024 WL 4228149, at *6, *7 (rejecting Plaintiff's argument that "he must only plead a statutory violation to establish standing to seek injunctive relief"). *Abramson v. AP Gas & Elec. (PA), LLC*, 2023 WL 1782728 (W.D. Pa. Feb. 6, 2023), is also distinguishable. *See Weingrad*, 2024 WL 4228149, at *6 (distinguishing *Abramson*, noting that *Abramson* involved allegations that defendant continued to place illegal calls despite previously being sued for that same conduct, which constituted a sufficient factual basis to adequately allege a threat of future injury). No such facts are alleged here.

Plaintiff has not adequately alleged a threat of future injury supporting his entitlement to injunctive relief.

## **CONCLUSION**

For all of these reasons, and for those reasons that may be further presented to the Court, First American respectfully requests that the Court dismiss the Complaint for failure to state a claim. First American further requests that Plaintiff's prayer for injunctive relief be dismissed due to Plaintiff's failure to allege facts showing a substantial risk of future injury.

-10-

Dated: January 28, 2025          Respectfully submitted,

*/s/ Eitan G. Kagedan*
Eitan G. Kagedan
One Logan Square, 27th Floor
Philadelphia, PA 19103
T: 215 568 6200
E: ekagedan@hangley.com

MANATT, PHELPS & PHILLIPS, LLP

Christine M. Reilly (*pro hac vice* forthcoming)
Alexandra N. Krasovec (*pro hac vice* forthcoming)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
T: (310) 312-4000
E: CReilly@manatt.com
AKrasovec@manatt.com

*Counsel for First American Home Warranty Corporation*

## CERTIFICATE OF SERVICE

I, Eitan G. Kagedan, hereby certify that on this 28th day of January, 2025, I caused to be filed a true and correct copy of the foregoing REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT via the Court's electronic filing system, which will serve a copy on all counsel of record.

Dated: January 28, 2025                    Respectfully submitted,

                                           */s/ Eitan G. Kagedan*