IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON WEINGRAD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. 24-5488 |
| | : | |
| FIRST AMERICAN HOME WARRANTY | : | |
| CORPORATION, | | |
| Defendant. | : | |
| | : | |

## ORDER

**AND NOW,** this **4th** day of **MAY 2026,** upon consideration of Defendant's Motion for

to Dismiss (ECF No. 5), Plaintiff's Response to Defendant's Motion (ECF No. 8), and

Defendant's Reply to Plaintiff's Response (ECF No. 9), it is hereby **ORDERED** that

Defendant's Motion is **DENIED.**[1]

---

[1] To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

Defendant has not established that Plaintiff's Complaint is insufficiently pleaded. Plaintiff's allegations, accepted as true and interpreted in his favor, plausibly state a claim for violations of the TCPA and thus survive Defendant's 12(b)(6) Motion.

A Rule 12(b)(1) motion contends that the Plaintiff has not pleaded facts sufficient to demonstrate subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) thus challenges the power of the court to hear a case or consider a claim. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). When faced with a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000); *see also Kehr Packages v. Fidelcor, Inc.*, 926 F. 2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion").

Here, Plaintiff has met his burden to establish subject-matter jurisdiction based on the allegations in the Complaint and thus survives Defendant's 12(b)(1) Motion.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge